**PREMIUM BALLOON ACCESSORIES, INC.,**
Plaintiff–Appellant,

v.

**CONTROL PLASTICS, Defendant–Appellee.**

No. 03–3135.

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2004.

Ray L. Weber, John J. Cunniff, Renner, Kenner, Greive, Bobak, Taylor & Weber, Akron, OH, for Plaintiff–Appellant.

Robert C. Meeker, Akron, OH, Douglas A. Chaikin, San Jose, CA, for Defendant–Appellee.

Before BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

The plaintiff, Premium Balloon Accessories, Inc., appeals the district court's dismissal of its trade-dress infringement complaint against Control Plastics for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). The court found that Premium Balloon failed to show that Ohio's long-arm statute conferred personal jurisdiction over Control Plastics, a two-person California company, because Control Plastics did not transact or solicit business in Ohio or derive substantial revenue from the state, within the meaning of Ohio's long-arm statute. *See* OHIO REV. CODE ANN. §§ 2307.382(A)(1) and (A)(4). The court also held that even if personal jurisdiction existed under Ohio's long-arm statute, such jurisdiction would not comport with federal due process principles.

Control Plastics does not have not an Ohio office or telephone listing. The plaintiff nevertheless contended that the complaint established personal jurisdiction,

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

relying upon two allegations: first, that between 1999 and 2002, Control Plastics made retail sales totaling $9,075.90 to customers in Ohio and, second, that the California company maintained an internet web site that was accessible to Ohio users. However, the record indicates that the Ohio sales constituted a mere .30 percent of the Control Plastics worldwide sales during that period, and the web site in question was not fully interactive, i.e., it provided certain information about the company's products and permitted a user to download an order form, but purchases could not be made directly over the internet. The district judge held that these factors were not sufficient to establish personal jurisdiction over the defendant, successfully distinguishing this case from *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why the record fails to establish personal jurisdiction over the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order dated December 27, 2002.